# In the United States Court of Federal Claims

No. 23-1093

(Filed:  12 April 2024)

NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RAYMOND TODD SURFACE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   No. 23-1093 |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Raymond Todd Surface*, *pro se*, of Denver, Colorado.

*Joshua W. Moore*, Trial Attorney, Commercial Litigation Branch, with whom were *William J. Grimaldi*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, all of Washington, DC, for defendant.

## ORDER

**HOLTE, Judge.**

*Pro se* plaintiff Raymond Todd Surface alleges various contract and constitutional claims against the United States, related to Colorado state court proceedings involving the foreclosure of plaintiff's home.  Specifically, plaintiff alleges: (1) the Colorado courts do not have authority over him and, thus, their actions violated his constitutional rights; (2) a breach of trust related to a "lawful security deposit, a note," constituting a Thirteenth Amendment claim violation; and (3) miscellaneous arguments about a revocation of an offer of employment.  Plaintiff requests injunctive relief and reversal of the judgments in the Colorado courts.  Plaintiff seeks $30,625,000 in damages.  The government filed a motion to dismiss pursuant for Rules of the Court of Federal Claims (RCFC) 12(b)(1) for lack of subject matter jurisdiction.  For the reasons discussed below, the Court lacks subject matter jurisdiction over plaintiff's claim and, accordingly, grants the government's motion to dismiss, dismissing this case.

## I.    Background

While plaintiff makes a variety of claims, they all largely surround the alleged foreclosure of Mr. Surface's home and the related proceedings from Colorado state and district court.  *See, e.g.*, Compl. at 6, ECF No. 1 (discussing the "seizure" of his land and property).

Plaintiff explains he brings his claims on behalf of a "private express trust known as Raymundo Trust of Colorado." *Id.* at 2 ("Plaintiff [is] pro se, Raymond Todd, is a man and Trustee to the private express trust known as Raymundo Trust of Colorado" (citing RCFC 17(a)(1)(E) and, therefore, suing "in [his] own names without joining [a trustee of an express trust] for whose benefit the action is brought")). Plaintiff specifically lists the following cases as related to his Complaint:  *Guaranteed Rate, Inc. v. Raymond T. Surface*, No. 2023-CV-30375 (Denver Dist. Ct. Apr. 11,  2023); *Catamount Properties 2018, LLC v. Raymond T. Surface, Raymundo Trust, Raymundo Aguadiero Limited*, No. 23-cv-60016 (Denver Cnty. Ct. June 22, 2023); *Surface v. Ciardelli*, No. 123CV00443CNSKLM, 2023 WL 3763444 (D. Colo. June 1, 22310023).  *Id.*

## II.    Procedural History

On 13 July 2023, plaintiff filed his Complaint.  Compl. at 1.  Plaintiff attached over 77 pages of supporting documentation to his Complaint.  *See* Compl., Appx. A, ECF No. 1-1. While plaintiff's claims are difficult to decipher, plaintiff alleges:  (1) the Colorado courts do not have authority over him and, thus, their actions violated his constitutional rights; (2) a breach of trust related to a "lawful security deposit, a note," constituting a Thirteenth Amendment claim violation; and (3) miscellaneous arguments relating to a revocation of an offer of employment. *See* Compl. at 1–8.  On 15 September 2023, the government filed a motion to dismiss pursuant for RCFC 12(b)(1) for lack of subject matter jurisdiction over these claims.  Gov't Mot. to Dismiss ("MTD"), ECF No. 7.  On 23 October 2023, plaintiff filed his Response to the government's motion to dismiss past the filing deadline of 16 October 2023.  Pl.'s Resp. to MTD ("Pl.'s Resp."), ECF No. 9.  On 23 October 2023, the Court directed the Clerk to file plaintiff's untimely Response by leave of court.  23 Oct. 2023 Order at 1, ECF No. 8.  On 2 November 2023, the government filed its Reply in support of its motion to dismiss.  Gov't Reply, ECF No. 10.  On 9 November 2023, plaintiff filed a defective Surreply to the government's Reply, as plaintiff did not move to file by leave of the Court.  9 Nov. 2023 Surreply; *see* RCFC 7; RCFC 7.2.

## III.    Applicable Law

### A.    Subject Matter Jurisdiction

Plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence."  *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)).  "'In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff.'"  *Id.* (quoting *Trusted Integration*, 659 F.3d at 1163).

The Court of Federal Claims "is a court of limited jurisdiction."  *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citation omitted).  Under the Tucker Act,

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department,

or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). "[A]lthough the Tucker Act waives the sovereign immunity of the federal government, it does not itself provide any substantive rights or any right of action to obtain monetary relief for wrongs. Accordingly, to invoke [ ] jurisdiction pursuant to the Tucker Act, 'a plaintiff must identify a right to money damages found in the Constitution, a statute or government regulation, or a contract.'" *McCormick v. United States*, No. 2023-2314, 2024 WL 1005563, at *2 (Fed. Cir. Mar. 8, 2024) (quoting *Folden v. United States*, 379 F.3d 1344, 1354–55 (Fed. Cir. 2004)). Further, "plaintiff[] [also] must show that the identified source of law 'can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damages sustained.'" *Id.* (citations omitted). Additionally, the court's jurisdiction does not extend to claims against state officials, local officials, or private individuals. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit is as to them . . . [is] beyond the jurisdiction of th[is] court."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

### B.   *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints should be held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d, 1378, 1380 (Fed.Cir.1987); and then *Biddulph v. United States*, 74 Fed. Cl. 765 (2006)). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se*, he "may explain its ambiguities, but it does not excuse [any] failures [in petitioner's pleadings], if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV.   Whether the Court Should Accept Plaintiff's Surreply

On 9 November 2023, plaintiff filed a defective Surreply, *see supra* Section II. 9 Nov. 2023 Surreply. Given plaintiff's *pro se* status, the Court accordingly accepts plaintiff's Surreply. *Id.*; *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). None of his arguments in the Surreply alter the Court's lack of subject matter jurisdiction over plaintiff's claims, *see infra*.

## V.   Whether the Court Has Subject Matter Jurisdiction Over Plaintiff's Claims

Plaintiff alleges: (1) the Colorado courts do not have authority over him and, thus, their actions violated his constitutional rights; (2) a breach of trust related to a "lawful security

deposit, a note," constituting a Thirteenth Amendment claim violation; and (3) miscellaneous arguments about a revocation of an offer of employment.  *See* Compl. 1–6.   Plaintiff requests:

- The "revers[al of] the judgments rules on in Denver District Court . . . and Denver County Court . . . and grant the commercial interest in The Land back to the Raymundo Trust";
- "[T]he Court order GUARANTEED RATE INC, who, along with their processors did not provide any value return the funds received from the Public Trustee of Denver County auction to CATAMOUNT";
- "[T]he settlement of all open debts of, drawn by or secured by the . . . Person, and a mechanism to freely and easily access the available credits";
- "Plaintiff requests a form of identification to protect him from municipal corporations attempting to ensnare him in forced contract and extortion through The Person";
- "For trespass of the Plaintiffs IVth Amendment rights: $10,000,000.00";
- "For trespass of the Plaintiffs 1st Amendment right: $10,000,000.00";
- "For damages incurred from the breach of the XIIIth amendment: $10,000,000.00";
- "For being denied employment for not accepting an identity as The Person, 3x the yearly salary: $435,000.00";
- "For costs incurred defending the Plaintiff and his property in maritime court: $190,000"; and
- "For all value given to the United States and their corporate parties in a lifetime of note servicing and taxes: $0.00."

*Id.* at 8–9.

### A.      Plaintiff's Arguments Related to Certain Colorado Courts and Various Constitutional Provisions

First, plaintiff alleges certain Colorado courts do not have jurisdiction over plaintiff; rather, these courts only have "maritime jurisdiction."  *See* Compl. at 5 ("[T]he only courts readily available are of maritime jurisdiction.  These maritime courts have forced the living man, Raymond Todd, to take and use a subservient and artificial person of limited rights.").  Plaintiff explains he "requested [a] transfer [of his case] to a Court of Equity twice [but both requests were] denied."  *Id.*  Plaintiff reasons the courts' wrongful jurisdiction over him in addition to their denial of his transfer requests "constitute[] a trespass," citing the Fourth and First Amendments as the basis for his claims.  *Id.* ("This constitutes a trespass to be secure in persons [sic] against unreasonable seizures, Amendment IV, and right to free exercise of religion, Amendment I.").  Plaintiff also cites to Article I, Section 8, and the Fourteenth Amendment, but does not develop these arguments as they relate to the Colorado courts' actions.  *Id.* ("The claims against the United States are a result of the XIVth amendment and the commercial entity known as the 'citizen of the United States[.]'  Article I, Section 8 of the Constitution grants the United States with the right and authority to regulate commerce, and protect constitutional rights in the course of commerce.").  Plaintiff identified specific judges from the Denver District Court and the Denver County Court in his arguments.  *Id.* at 6.  In his Response, plaintiff further contends the Court has subject matter jurisdiction under 28 U.S.C. 1491 (a)(1) because "this court [is] the appropriate court for claims against the defendant arising from the Constitution."  Pl.'s Resp. at

3.  Plaintiff cites to the Edmund-Tucker Act of 1887 to establish jurisdiction over his claims, *see id.* at 4, but then later "recognized the Tucket Act of 1887 is different than the Edmunds Tucker Act of 1887 and . . . [he] made that mistake." 9 Nov. 2023 Surreply at 1.  Even with this acknowledgement, plaintiff asserts his "argument is still valid."  *Id.*  As relief, plaintiff requests this Court "reverse the judgments ruled on in [the] Denver District Court case . . . and [the] Denver County case."  Compl. at 8.

The government argues:  "the[] Constitutional provisions [plaintiff cites] do not provide the Court with jurisdiction over Mr. Surface's complaint."  Gov't MTD at 4.  The government reasons specifically:  "it is well established that the Court lacks jurisdiction over [the First, Fourth, and Fourteenth Amendments] . . . because, 'except for the taking clause of the [F]ifth [A]mendment, the . . . [A]mendments do not require the United States to pay money for their alleged violation' and thus are not money-mandating sources of law."  *Id.* at 3 (quoting *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam); then citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); then citing *Taylor v. United States*, 844 F. App'x 369, 371 (Fed. Cir. 2021); then citing *Humphrey v. United States*, 60 F. App'x 292, 295 (Fed. Cir. 2003); then citing *Starnes v. United States*, 162 Fed. Cl. 468, 474 (2022)); then citing *LeBlanc*, 50 F.3d at 1028).  The government also reasons this court lacks jurisdiction over Article I, Section 8 claims.  *Id.* at 4 (citing *Coyote v. United States*, No. 15-723C, 2016 WL 1057023, at \*4 (Fed. Cl. Mar. 16, 2016), aff'd sub nom. *Ballard v. United States*, 680 F. App'x 1007 (Fed. Cir. 2017)).  In replying to plaintiff, the government argues:  "Mr. Surface . . . continues to allege that the First and Fourteenth Amendments to the United States Constitution provide this Court with subject matter jurisdiction over his claims . . . [b]ut it is well established that, 'except for the taking clause of the [F]ifth [A]mendment, the other [A]mendments do not require the United States to pay money for their alleged violation' and thus are not money-mandating sources of law."  Gov't's Reply at 1 (citing *Elkins*, 229 Ct. Cl. at 608).

The Court of Federal Claims is a court of limited jurisdiction under the Tucker Act. *Jentoft*, 450 F.3d at 1349.  "[T]o invoke Claims Court jurisdiction pursuant to the Tucker Act, 'a plaintiff must identify a right to money damages found in the Constitution, a statute or government regulation, or a contract.'"  *McCormick v. United States*, No. 2023-2314, 2024 WL 1005563, at \*2 (Fed. Cir. Mar. 8, 2024) (quoting *Folden v. United States*, 379 F.3d 1344, 1354–55 (Fed. Cir. 2004)).  "Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015).

Here, plaintiff's asserts the Colorado courts' wrongful jurisdiction over him in addition to the denial of his transfer requests "constitute[] a trespass."  Compl. at 5–6.  Plaintiff cites to the First, Fourth, and Fourteenth Amendments in addition to Article I, Section 8 as the basis for his claims.  *Id.* at 5 ("This constitutes a trespass to be secure in persons [sic] against unreasonable seizures, Amendment IV, and right to free exercise of religion, Amendment I."); *see id.* ("The claims against the United States are a result of the XIVth amendment and the commercial entity known as the 'citizen of the United States[.]'  Article I, Section 8 of the Constitution grants the United States with the right and authority to regulate commerce, and protect constitutional rights in the course of commerce.").  None of the constitutional provisions plaintiff cites "identify a

right to money damages found in the Constitution, a statute or government regulation, or a contract.'" *McCormick*, No. 2023-2314, 2024 WL 1005563, at *2. Specifically, "[n]either the First Amendment nor the Fourteenth Amendment mandate compensation by the federal government," so these Amendments do not fall under the Tucker Act. *Id.* at *3 (citing *United States v. Connolly*, 716 F.2d 882, 887–88 (Fed. Cir. 1983)). Further, "monetary damages are not available for a Fourth Amendment violation." *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (quoting *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir.1997)). Plaintiff also cites to the Edmunds-Tucker Act of 1887 set out by 48 U.S.C. § 1453, to establish jurisdiction over his claims, Pl.'s Resp. at 4, but this Court's jurisdiction is governed by the Tucker Act of 1887 set out by 28 U.S.C. § 1491—not the Edmund-Tucker Act of 1887 which addresses Utah state administration and was later repealed. *Compare* 48 U.S.C. § 1453 *with* 28 U.S.C. § 1491. While plaintiff later "recognized the Tucket Act of 1887 is different than the Edmunds Tucker Act of 1887 and [so] . . . that [was a] mistake," 9 Nov. 2023 Surreply at 1, he asserts without justification his "argument [about this Court having subject matter jurisdiction] is still valid." *Id.* As plaintiff has not "identif[ied] a right to money damages found in the Constitution," this court does not have jurisdiction over plaintiff's claims related to the alleged "trespass." *See* Compl. at 5–6; *McCormick v. United States*, No. 2023-2314, 2024 WL 1005563, at *2.

To the extent plaintiff makes claims against the Colorado judges' decision to deny plaintiff's transfer requests, the Court of Federal Claims lacks power "to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them . . . [is] beyond the jurisdiction of th[is] court."). Determining whether a trespass occurred in this case would require "scrutiniz[ing] the actions" of the Colorado courts. *See Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001); *see also Shinnecock Indian Nation*, 782 F.3d at 1353 ("Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."). Further, this Court does not have jurisdiction over judges as individual federal or state employees. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); *see Sherwood*, 312 U.S. at 588. As such, the Court lacks subject matter jurisdiction over plaintiff's claims on these grounds. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

**B.      Plaintiff's Arguments Related to "Breach of Trust" and the Thirteenth Amendment**

Plaintiff alleges a "[b]reach of [t]rust" based on a "lawful security deposit, a note." Compl. at 6. Plaintiff explains he deposited the note with "various banking institutions," and such institutions have "harassed, threatened and intimidated" plaintiff amid enforcing the terms of the note. *See id.* ("When the Plaintiff became aware of the Federal Reserve Act . . . and that the Note he provided was lawful consideration [sic], he was harassed, threatened and intimated

by the commercial system regulated by the United States . . . The only way the Plaintiff could avoid harassment and intimidation by banking institutions, servicers, and municipal government corporations is to labor in exchange for U.S. currency demanded by the U.S. commercial system under the false presumption that terms written down on negotiable instruments were enforceable, even after they've been deposited."). Plaintiff explains the breach as follows: "[t]he presumption is that the promise made on the Note constitutes a contract and an enforceable obligation." *Id.* Specifically, the enforcement of the terms of the note has created a "debt form of slavery," alleging a violation of the Thirteenth Amendment. *Id.* at 7 ("the United States has used a debt form of slavery that has resulted in involuntary servitude and constitutes a breach of Amendment XIII."). Plaintiff briefly makes a high-level argument against taxes. *Id.* ("There is no obligation for the people to pay a tax outside the engagement of actual commerce to the United States, yet there is a threat of penalty and incarceration without compliance."). Plaintiff also alleges he failed to receive a response from the U.S. Treasury related to the trust. *Id.* at 8. In his Response, plaintiff further reasons this court has jurisdiction because the United States is a trustee and "[t]he trustee's duty to perform is outlined in the indenture, the Constitution." Pl.'s Resp. at 2.

The government responds: "[t]o the extent Mr. Surface bases his allegations and requested relief on violations of his . . . Thirteenth . . . Amendment right[], it is well established that the Court lacks jurisdiction over such causes of action because, 'except for the taking clause of the [F]ifth [A]mendment, the other [A]mendments do not require the United States to pay money for their alleged violation' and thus are not money-mandating sources of law." Gov't's MTD at 2. The government reasons "Mr. Surface's claims related to the fact that the Secretary of the U.S. Treasury failed to respond to his letter related to settling his debts with the 'trust estate' clearly falls outside the jurisdiction of this Court as he has not alleged any money-mandating source of law." *Id.* at 4. The government also explains: "[t]o the extent Mr. Surface alleges that the United States holds a 'trust' in his name, that claim is plainly frivolous." *Id.* at 5. The government further argues: "[t]o the extent Mr. Surface is alleging a claim based in the 'sovereign citizen' movement, that 'legal fiction . . . is not based in law but in the fantasies of the sovereign citizen movement.'" *Id.* (citing *Wood v. United States*, 161 Fed. Cl. 30, 35 (2022)).

For a claim to fall under the Tucker Act, "a plaintiff, besides identifying 'the source of substantive law he relies upon,' must show that the identified source of law 'can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damages sustained.'" *McCormick*, No. 2023-2314, 2024 WL 1005563, at *2 (quoting *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); then citing *United States v. Testan*, 424 U.S. 392, 400 (1976)). Plaintiff alleges a "Breach of Trust" by the United States in its the enforcement of the "note," creating "debt form of slavery" and, thus, violating the Thirteenth Amendment. Compl. at 6–8. Similar to his other claims, plaintiff cites no source of substantive law that creates the right to money damages in making his claim. Rather, plaintiff only invokes the Thirteenth Amendment for his "Breach of Trust" claim, and does not explain how the cited constitutional provisions would mandate compensation by the federal government. *Id.*; *see also* Pl.'s Resp. This court lacks jurisdiction over Thirteenth Amendment claims. *See Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (citing *Carter v. United States*, 228 Ct. Cl. 898, 900 (Ct. Cl.1981); *see also Brashear v. United States*, 776 F. App'x 679, 682 (Fed. Cir. 2019) (The "Thirteenth Amendment[] of the U.S. Constitution [is not] . . . money-mandating."). Plaintiff

also alleges he failed to receive a response from the U.S. Treasury related to the trust, but does not provide any additional reasoning or caselaw as to why failing to receive a response from the Treasury is unlawful or why this Court would have jurisdiction over such a claim. Compl. at 8. As plaintiff has not identified a separate contract, regulation, statute, or constitutional provision providing for money damages against the United States, and this Court does not have jurisdiction over Thirteenth Amendment claims, this Court does not have jurisdiction plaintiff's "Breach of Trust" claim; the Court lacks subject matter jurisdiction over plaintiff's "Breach of Trust" claims. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### C.    Plaintiff's Arguments Related to a Revocation of an Offer of Employment

Plaintiff finally alleges "Energyneering Solutions LLC," or "ESI," a private energy company, wrongfully revoked plaintiff's "offer for employment" "after three rounds of interviews." Compl. at 7; *see also* Compl., Appx. A, at 50–60. Plaintiff explains this offer was withdrawn upon "ESI" learning plaintiff "was not a citizen of the United States or a U.S. Person, but was an inhabitant of America and Colorado." Compl. at 7. As relief "for being denied employment," plaintiff requests $435,000. *Id.* at 9. The government responds, "this Court lack[s] jurisdiction over claims against it" "[b]ecause ESI is a private company." Gov't MTD at 4.

ESI is a private company. *About*, ESI LLC, https://www.esisolutions.com/about (last visited Apr. 10, 2024). Neither plaintiff's Response nor Surreply address why this court has jurisdiction over claims against ESI, a private company. *See* Pl.'s Resp.; *See* 9 Nov. 2023 Surreply. Further, this Court does not have jurisdiction over private individuals and entities. *See Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them . . . [is] beyond the jurisdiction of th[is] court."). Therefore, to the extent plaintiff brings claims against ESI, this Court does not have jurisdiction.

As this Court lacks jurisdiction over all of plaintiff's alleged claims, the Court lacks subject matter jurisdiction over plaintiff's Complaint and grants the government's motion to dismiss for lack of subject matter jurisdiction, dismissing the case. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

## VI.    Conclusion

The Court accordingly **DIRECTS** the Clerk to file plaintiff's Surreply, *see supra* Section IV. The Court has considered all of plaintiff's arguments, *supra* Section V. To the extent not discussed specifically herein, plaintiff's arguments are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. For the foregoing reasons, the Court **GRANTS** the government's Motion to Dismiss, ECF No. 7, and **DISMISSES** plaintiff's Complaint, ECF No. 1, pursuant to RCFC 12(h)(3). The Clerk is **DIRECTED** to enter judgment dismissing Plaintiff's Complaint, ECF No. 1. The Court further **CERTIFIES,** pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith because plaintiff's claims as alleged are clearly outside the jurisdiction of the Court and are incurable.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge